STATE OF MAINE
OXFORD, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-14

WEBSTER BANK, N.A.,

      Plaintiff

      v.

M. BETH MYERS &
TIMOTHY MCGUIRE,

      Defendants

**DECISION & JUDGMENT**

Plaintiff Webster Bank, N.A. initiated the present action through a complaint asserting that defendants M. Beth Myers and Timothy McGuire failed to meet their obligations under a Home Equity Consumer Revolving Loan Agreement and Open-Ended Mortgage Deed. Plaintiff contends that defendants failed to meet all of their obligations under the Loan, including their obligation to make timely monthly payments. As a result of this default, plaintiff accelerated the obligations evidenced by the Loan and seeks the full balance plus interest, late charges, and other fees. Although the Loan is secured by a mortgage, and the mortgage provides that plaintiff is entitled to all remedies of law and equity, including foreclosure, should defendants default under the mortgage or the above agreement, plaintiff has not sought to foreclose on the mortgaged property.

The court held a bench trial on May 1, 2017. During trial, the parties disputed whether: (1) pursuant to 9-A M.R.S. § 5-111, plaintiff had to comply with the notice requirements of 14 M.R.S. § 6111; (2) defendants had waived their right to assert this

affirmative defense; and (3) if compliance with section 6111 is necessary, and whether plaintiff sufficiently complied with that section. The court requested, and the parties provided, post-trial memorandum.

A. Whether the Notices to Cure Default Had to Comply with 14 M.R.S. § 6111

Plaintiff contends that 14 M.R.S. § 6111 is inapplicable because the entire provision is focused on mortgages and foreclosure. Plaintiff is not, however, foreclosing or acting as a mortgagee. As a result, plaintiff's action is not "[w]ith respect to [a] mortgage" as required by § 6111.

9-A M.R.S. § 5-111 provides, in pertinent part:

Notwithstanding the other provisions of this section, a notice to cure default for a consumer credit transaction secured by a mortgage subject to Title 14, section 6111 must satisfy the requirements of Title 14, section 6111 and not the requirements of this section.

9-A M.R.S. § 5-111(6) (2016). Title 14 § 6111, in turn, provides:

With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, the mortgagee may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 35 days after the date that written notice pursuant to subsection 1-A is given by the mortgagee to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.

14 M.R.S. § 6111(1) (2016).

"In interpreting a statute, [the court's] single goal is to give effect to the Legislature's intent in enacting the statute." *Dickau v. Vt. Mut. Ins. Co.*, 2014 ME, 158, ¶ 19, 107 A.3d 621 (citation omitted). Initially, the court seeks to accomplish this goal by "examining the plain meaning of the statutory language and considering the language in the context of the whole statutory scheme." *Darling's v. Ford Motor Co.*, 1998 ME 232, ¶ 5, 719 A.2d 111 (citations omitted). "A plain language interpretation should not be confused with a literal interpretation, however." *Dickau*, 2014 ME 158, ¶ 20, 107 A.3d 621(citations omitted). "Rather, courts are guided by a host of principles intended to assist in determining the meaning and intent of a provision even within the confines of a plain language analysis." *Id.* (citation omitted). One of these principles is to take "into account the subject matter and purposes of the statute, and the consequences of a particular interpretation." *Id.* ¶ 21 (citation omitted). "In determining a statute's 'practical operation and potential consequences,' [the court] may reject any construction that is 'inimical to the public interest' or creates absurd, illogical, unreasonable, inconsistent or anomalous results if an alternative interpretation avoids such results." *Id.* (quotation omitted); *see also Darling's v. Ford Motor Co.*, 1998 ME 232, ¶ 5, 719 A.2d 111 (the court avoids "statutory constructions that create absurd, illogical or inconsistent results") (citation omitted).

If a statute is ambiguous, the court may look beyond the plain language of the statute and the context of the statutory scheme "to indicia of legislative intent such as the

statute's history and its underlying policy." *Fuhrmann v. Staples*, 2012 ME 135, ¶ 23, 58 A.3d 1083 (quotation omitted). "A statute is ambiguous if it is reasonably susceptible to different interpretations." *Id.* (quotation omitted).

Here, the plain language of 9-A M.R.S. § 5-111 and 14 M.R.S. § 6111 clearly provide that plaintiff's "Notice of Default and Intent to Foreclose" (Notices) must satisfy the requirements of section 6111. This is because 9-A M.R.S. § 5-111 requires such compliance whenever a consumer credit transaction is "secured by a mortgage subject to Title 14, section 6111." This language focuses upon whether the mortgage is subject to section 6111, *not* whether the creditor is also seeking to foreclose upon the secured property.

A mortgage is subject to section 6111 if it is upon residential property located in Maine where the mortgagor is occupying all or a portion of the property as the mortgagor's primary residence and the mortgage secures a loan for personal, family, or household use. Here, the record is clear that the mortgage is upon a residential property that serves as the defendants' primary residence and secures a loan for personal, family, or household use. Therefore, plaintiff's Notices must satisfy the requirements of 14 M.R.S. § 6111.

B. Whether Defendants Waived Their Right to Require Compliance with Section 6111

Plaintiff next contends that defendants did not plead the affirmative defense of a violation of Title 9-A and have thus waived their defense that the requirements of § 6111 were not satisfied. Plaintiff's waiver argument focuses on the fact that defendants' answer raises the affirmative defense that plaintiff's complaint "is barred by its failure to

4

comply with 14 M.R.S. § 6111," but does not expressly mention 9-A M.R.S. § 5-111. This argument is without merit because defendants' affirmative defense clearly put plaintiff on notice regarding the substance of the defense. *See e.g. Maine Family Fed. Credit Union v. Sun Life Assur. Co.*, 1999 ME 43, ¶ 14 n.14, 727 A.2d 335 ("A party may satisfy his burden of pleading a specific affirmative defense if he puts the opposing parties on notice that the issue will be raised at trial").

C. Whether Plaintiff's Notice to Cure Default Satisfied the Requirements of Section 6111

Plaintiff sent defendants virtually identical "Notice[s] of Default and Intent to Foreclose" dated March 30, 2015. The parties dispute whether the Notices complied with the following requirements of section 6111:

A. The mortgagor's right to cure the default as provided in subsection 1;

. . . .

C. An itemization of any other charges that must be paid in order to cure the default;

. . . .

G. Where mediation is available as set forth in section 6321-A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment; and

H. A statement that the total amount due does not include any amounts that become due after the date of the notice.

14 M.R.S. § 6111(1-A)(A), (C), (G) & (H). Plaintiff's Notices must comply strictly with these requirements. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700.

5

1. Itemization of Other Charges that Must be Paid to Cure Default

Defendants appear to argue that the requirement to itemize other charges that must be paid in order to cure the default in section 6111(1-A)(C) was not satisfied because no itemization of future amounts of money necessary to cure the default were provided. The Notices, however, clearly provide the additional charges that must be paid in order to cure by listing the past due amount, the interest due, late fees, and property inspection fee.

2. Mortgagor's Rights Regarding Mediation

Section 6111(1-A)(G) requires that mortgagors be informed that they may request mediation to explore options for avoiding foreclosure judgment. Defendants generally assert that this requirement was not satisfied. The Notices, however, clearly satisfy the requirement providing:

> You will have the opportunity to request foreclosure mediation. Foreclosure mediation is a process that allows you, a representative from your mortgage company, and a neutral third party mediator to meet and discuss alternatives to foreclosure. The goal of foreclosure mediation is to help you avoid foreclosure. At mediation, you and your mortgage company may agree to an option to avoid foreclosure. However, making a request for foreclosure mediation does not guarantee a loan modification or other relief.

3. The Mortgagor's Right to Cure Default

Section 6111(1-A)(A) requires the mortgagor be informed that if they tender payment of the amounts due before the date specified in the notice, they are restored to all rights under the mortgage deed as though the default had not occurred. The Notices provide, in pertinent part, that "You have the right to cure the default by making full

6

payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees." They further provide that "[i]f you pay the past due amount, and any additional monthly payments, late charges, or fees that may become due between the date of this notice and the date of when you make your payment, your account will be considered up-to-date and you can continue to make your regular monthly payments." The Notices in this case, however, do not inform defendants that all of their rights under the mortgage deed are restored, upon payment, as though the default had not occurred. Accordingly, plaintiff has not strictly complied with the notice requirements of 14 M.R.S. § 6111 and judgment is warranted against their claim. *See e.g. Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700 (failure to strictly comply with section 6111 served as independent basis to vacate foreclosure judgment)

> 4. Notification that the Total Amount Due does not Include Amounts that may Become Due after the Date of the Notice

Plaintiff's Notices also fail to satisfy the requirement in Section 6111(1-A)(H) that they must provide a "statement that the total amount due does not include any amounts that become due after the date of the notice." Plaintiff appears to argue that because the Notices state only the specific default amount that is required to cure the default, they need not inform defendants that the amount needed to cure the default does not include any amounts that become due after the date of the notice. This argument, however, ignores that plaintiff must strictly comply with the notice requirements of 14 M.R.S. § 6111.

Accordingly, because plaintiff Webster Bank, N.A. did not strictly comply with the notice requirements of 14 M.R.S. § 6111 as required by 9-A M.R.S. § 5-111, the defendants are entitled to a judgment in their favor.

The entry is:

Judgment for the defendants M. Beth Myers and Timothy McGuire.

DATED: 7/28/17

_____
Robert W. Clifford
Active Retired Justice